E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
KRISTIN N. SPENCER (Cal. Bar No. 294692)
Assistant United States Attorney
     U.S. ATTORNEY'S OFFICE
     411 West Fourth Street, Suite 8000
     Santa Ana, California 92701
     Telephone: (714) 338-3531
     Facsimile: (714) 338-3561
     E-mail:    kristin.spencer@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. SA CR 22-003-CJC-3 |
|---|---|
| Plaintiff, | GOVERNMENT'S SENTENCING POSITION AS TO DEFENDANT JAVIER JIMENEZ |
| v. | |
| JAVIER JIMENEZ, | Hearing Date: April 11, 2024<br>Hearing Time: 11:00 a.m. |
| Defendant. | Location:    Courtroom of the Hon. Cormac J. Carney |

    Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Kristin N. Spencer, hereby files its sentencing position as to JAVIER JIMENEZ.

    The government's position regarding sentencing is based upon the attached memorandum of points and authorities, the files and records

in this case, the Presentence Report ("PSR"), and any other evidence or argument that the Court may wish to consider at the time of sentencing.

Dated: March 28, 2024             Respectfully submitted,

                                  E. MARTIN ESTRADA
                                  United States Attorney

                                  MACK E. JENKINS
                                  Assistant United States Attorney
                                  Chief, Criminal Division


                                        /s/
                                  Kristin N. Spencer
                                  Assistant United States Attorney

                                  Attorneys for Plaintiff
                                  UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.  INTRODUCTION**

On October 16, 2023, defendant Javier Jimenez pleaded guilty pursuant to a plea agreement to a single count first superseding information, which charged him with possession with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C).  On January 2, 2024, the United States Probation Office ("USPO") filed its Presentence Report ("PSR") (Dkt. No. 186) and Recommendation Letter (Dkt. No. 185).

In the PSR, the USPO found that defendant's combined adjusted offense level was 23 based on a base offense level of 26 and a three-level reduction for acceptance of responsibility.  (PSR ¶¶ 27-37.)  The USPO further found that defendant was in criminal history category of I based on a total criminal history score of one.  (PSR ¶¶ 43-44.)  The resulting guidelines range as calculated by the USPO is 46 to 57 months.  (PSR ¶ 78.)

As of the filing of this position, the government agrees with the USPO's calculation of the total applicable offense level and criminal history category.  The government recommends that defendant be sentenced to a low-end term of 46 months imprisonment.

**II.  FACTUAL BACKGROUND**

On October 5, 2020, co-defendant Jonathan Cortez Castaneda ("Castaneda") contacted defendant to obtain two kilograms of cocaine for distribution. Jimenez then coordinated with co-defendant Octavio Cortez ("Cortez") to obtain two kilograms of cocaine, which was to be delivered to Cortez's residence.  Anaheim Police Department a short time later and found to be in possession of over 2 kilograms of cocaine.  (PSR ¶ 17.)  After the phone calls, Castaneda drove to

Cortez's residence and picked up the two kilograms of cocaine. Upon leaving the residence, APD officers stopped Castaneda and seized the two kilograms of cocaine in his possession.  (PSR ¶ 18.)  The cocaine was later tested. DEA lab reports determined that the substance in Castaneda's possession was approximately 2,041 grams of cocaine. (PSR ¶ 19.)

**III. THE GOVERNMENT'S POSITION –- A LOW END SENTENCE OF 46 MONTHS IMPRISONMENT IS REASONABLE AND APPROPRIATE PURSUANT TO THE 3553(A) FACTORS**

The government requests that the Court adopt the PSR's factual findings, guidelines calculations, and conclusions regarding the applicability of U.S.S.G. §§ 3E1.1(a) and 3E1.1(b).  Consistent with its obligations under the plea agreement, the government recommends a low-end sentence of 46 months' imprisonment followed by three years of supervised release.

The government believes that the factors set forth in 18 U.S.C. § 3553(a) would be satisfied by a sentence at the low end of the guidelines range and that such a sentence would be "sufficient, but not greater than necessary" to comply with the purposes enumerated in 18 U.S.C. § 3553(a)(2), discussed further below.  18 U.S.C. § 3553(a).

The nature and circumstances of the offense support a sentence at the low end of the guideline range.  Here, defendant intentionally participated in a deal to acquire two kilograms of cocaine, a dangerous street drug, in order to provide it to a buyer for further distribution.

The PSR filed on January 2, 2024 indicated that defendant had not yet completed a presentence interview. (PSR ¶ 50.) As a result, the government has limited information about defendant's personal

history and characteristics.  Based on the information the government has as of the filing of this petition, the government believes that defendant's personal history and characteristics will support a sentence at the low end of the guidelines range.

Section 3553(a)(6) requires the Court to minimize sentencing disparity among similarly-situated defendants.  One way of doing so is to correctly calculate the Guidelines range.  See United States v. Treadwell, 593 F.3d 990, 1011 (9th Cir. 2010) ("Because the Guidelines range was correctly calculated, the district court was entitled to rely on the Guidelines range in determining that there was no 'unwarranted disparity' . . . ."); see also Gall v. United States, 552 U.S. 38, 54, 128 S. Ct. 586, 599 (2007) ("[A]voidance of unwarranted disparities was clearly considered by the Sentencing Commission when setting the Sentencing Guidelines ranges.  Since the District Judge correctly calculated and carefully reviewed the Guidelines range, he necessarily gave significant weight and consideration to the need to avoid unwarranted disparities.").  Here, the PSR correctly calculated the guidelines range, and a sentence at the low end of that range would avoid unwarranted sentencing disparities.

**IV. CONCLUSION**

For the reasons stated above, the government respectfully requests that the Court impose a sentence of 46 months imprisonment, followed by a three-year period of supervision.