LAW OFFICES OF JAMES E. BLATT
16501 Ventura Boulevard
Suite 400
Encino, California 91436
Telephone: (310) 385-8066
Facsimile: (310) 385-5932
E-mail: J.Blatt@jamesblatt.com

James E. Blatt, Esq.  (SBN 56571)
Attorneys for Defendant,
JAVIER JIMENEZ

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 22-CR-00003-CJC-3 |
|---|---|
| Plaintiff, | DEFENDANT JIMENEZ'S POSITION RE: SENTENCING |
| vs. | |
| JAVIER JIMENEZ, | |
| Defendant | DATE : April 11, 2024<br>TIME : 11:00 AM<br>PLACE: Courtroom of the Honorable Cormac J. Carney |

Defendant Jimenez, by and through his counsel of record, the Law Offices of James E. Blatt, hereby submits the instant POSITION STATEMENT RE: SENTENCING for consideration by this Court.

///

///

///

1

Date: April 1, 2024                    Respectfully submitted,


  /S/ James E. Blatt
JAMES E. BLATT
Attorney for Defendant
JAVIER JIMENEZ

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## STATEMENT OF THE CASE

On October 16, 2023, defendant Jimenez entered a guilty plea to count 1 of the single county First Superseding Information, which is a violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) [Possession with intent to distribute cocaine]. Pursuant to the plea agreement, the government and Defendant Jimenez stipulate that Defendant Jimenez's base offense level should be 26 pursuant to USSG § 2D1.1(a)(5), (C)(7) (PSR § 6). The Government also agreed to recommend up to a three level reduction for acceptance of responsibility pursuant to USSG § 3E1.1 (PSR § 6). The parties reserve the right to argue for additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines, and for a variance based on factors set forth in 18 U.S.C. § 3553(a). (PSR § 4).

## II.

## THE CALCULATIONS CONTAINED WITHIN
## THE PRESENTENCE REPORT AND RECOMMENDATION

Defendant Jimenez concurs with the following findings in the PRESENTENCE REPORT AND RECOMMENDATION, in its determination:

- that the base offense level for Count One is 26, pursuant to U.S.S.G. § 2D1.1(c)(7) (PSR ¶ 27);
- that a three level reduction is appropriate for acceptance of responsibility pursuant to USSG § 3E1.1(a) and 3E1.1(b). (PSR ¶ 35-36);
- that defendant Jimenez's total offense level is 23. (PSR ¶ 37);
- that defendant Jimenez has a criminal history score of one and his Criminal History Category is I. (PSR ¶ 43-44.)

The USPO states that defendant Jimenez's advisory guideline range it 46 to 57 months.

### III.
### DEFENDANT JIMENEZ'S GUIDELINE CALCULATIONS

Defendant Jimenez concurs with the PSR that the adjusted total offense level is 23. Defendant Jimenez further agrees that he has one criminal history point, and a Criminal History Category of I. The USPO is recommending a sentencing of 46 months imprisonment. Defendant Jimenez appreciates the Government's and the USPO recommendation, however, he is requesting a sentence of 24 months imprisonment.

### IV.
### A SENTENCE OF 24 MONTHS
### IS SUPPORTED BY 18 U.S.C. § 3553

Defendant Jimenez is recommending a sentence of 24 months, which is below the advisory guideline range. Defendant Jimenez contends that the requested 24 month sentence is supported by the factors this Court must consider under 18 U.S.C. § 3553.

*United States v. Booker*, 543 U.S. 220 (2005) and more recently *Gall v. United States*, 128 S. Ct. 586 (2007) have dramatically revamped the sentencing landscape. Also, two recent United States Supreme Court decisions, *Spears v. United States*, 555 U.S. 261 (2009), and *Nelson v. United States*, 555 U.S.350 (2009), powerfully reiterate that the Guidelines are now truly advisory and that there is no presumption at the District Court level that a guideline sentence is inherently "reasonable." See also *Rita v. United States*, 551 U.S. 338 (2007).

As the Guidelines are now clearly advisory rather than mandatory, in determining the appropriate sentence, the district court judge may consider the totality of the factors present in the case. The district court is obligated to undertake a correct Guidelines range calculation, and under *Booker*, *supra*, the district court was required to take account of 18 U.S.C. § 3553 sentencing factors as well.

Defendant Jimenez is a 35 year old man with a limited criminal history consisting of a Driving Under the Influence case from 2016, in which he completed all court obligations and timely completed his probationary period. Mr. Jimenez lives with his mother and six year old son. Mr. Jimenez has sole custody of his son and fully supports him. The mother of Mr. Jimenez's son has mental health issues and is unable to care for their child. The mother currently has visitation with the child for a few hours on the weekends. Mr. Jimenez is the sole provider for his son and takes care of him in all aspects.

Prior to Covid, Mr. Jimenez was working for a company installing granite countertops. His work significantly slowed down when Covid began and he realized that he wanted to be able to work for himself rather than someone else. Mr. Jimenez left his job and started a business cleaning parking lots. He has a contract with someone that refers him clients. Mr. Jimenez has several clients in the Riverside County area and he works nights cleaning the parking lots, which includes clearing out all the trash. Covid caused many issues for our country, but two of the main issues were a high death rate and a very difficult financial situation for many Americans, and he was one of them.

Mr. Jimenez grew up with the other defendants in this matter, and at the time of the incident he had just started his business and was struggling financially. There is no question that Mr. Jimenez was involved in setting up the transaction,

but he is not someone that regularly dealt in the sale of narcotics. This was a crime of opportunity that developed from an old friendship, and that came about at a time when Mr. Jimenez was struggling financially as many people were during Covid. Every little bit would help Mr. Jimenez care for his son and help him with his business. Mr. Jimenez regrets his involvement in this case. He was only going to make approximately $500 for his role in this offense. This was a one-time situation for Mr. Jimenez, and he became involved in this offense to help his family, and unfortunately he now understands that it is his role in this offense that will take him away from his family for a period of time. Mr. Jimenez's son and mother rely on him in all aspects to take care of their family, and it will be extremely difficult for him to be away when he begins serving his sentence in this matter.

Section 3553(a)(6) states that the Court shall consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." Here Mr. Jimenez was involved in connecting two other defendants in reference to the drug transaction, but he was not involved in actually picking up or receiving any narcotics. The two other defendants with a similar criminal history category to Mr. Jimenez received 30 and 33 months. Defense counsel contends that a sentence of 24 months is consistent with the sentence received by the other defendants with similar criminal histories, and accurately reflect Mr. Jimenez's role in the offense.

Mr. Jimenez has also struggled with his own substance abuse, even while out on pretrial supervision on this case. Defense counsel requests that the Court recommend that Mr. Jimenez be considered for participation in RDAP as stated in the probation recommendation letter.

Mr. Jimenez is the primary income source for his family, and he is the primary caregiver for his son. He deeply regrets his conduct in this case, and is

hopeful that the Court will sentence him in a way that provides punishment for his role in the offense while also taking into account his family responsibilities and the severe negative impact his incarceration will have on his family. Mr. Jimenez takes full responsibility for his conduct, and he understands that while trying to do what he could to support his family, he is the one who made decisions that will impact his ability to be there for his family for a period of time.

      The Government recommend a sentence of 46 months, which is the low end of the guideline range. Defense counsel appreciates the Government's recommendation, but is requesting a sentence of 24 months imprisonment. Defense counsel contends a sentence of 24 months accurately reflects defendant Jimenez's role in the offense, his minimal criminal history, and the circumstances he was going through that led to his involvement in the offense, specifically his strong desire to provide for his family. Therefore, based on the foregoing, defendant Jimenez respectfully requests this Court sentence him to 24 months imprisonment.

## V.
## CONCLUSION

      Based on the foregoing, defendant Jimenez respectfully requests this Court sentence him to 24 months imprisonment.

Date: April 1, 2024                      Respectfully submitted,

                                    /S/ James E. Blatt
                                  JAMES E. BLATT
                                  Attorney for Defendant
                                  JAVIER JIMENEZ